IN THE COMMONWEALTH COURT OF PENNSYLVANIA

SWRP, LLC, : 
               Appellant : 
 : 
     v. :    No. 175 C.D. 2023
 :    Submitted: August 9, 2024
Westwood Condominium : 
Association, Inc. : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT           FILED: October 29, 2024

     SWRP, LLC (Appellant)[1] appeals an order of the Court of Common Pleas of Carbon County (trial court) that ordered Westwood Condominium Association, Inc. (Association) to allow Appellant to inspect certain documents, albeit in redacted form, and denied Appellant's request for each Association member's email address, phone number, and whether the member was in good standing. Appellant contends that in denying access to the members' information, the trial court erred in its construction and application of the Nonprofit Corporation Law of 1988 (Nonprofit Corporation Law).[2] Upon review, we reverse the trial court and remand this matter to the trial court for further consideration of the Association's arguments related to privacy and consumer protection statutes.

---

[1] The original appellant, Split Rock Investments, LLC, sold its interest in Westwood Condominium Association, Inc. to SWRP, LLC. By this Court's order of April 14, 2023, SWRP, LLC was substituted as the named Appellant in this matter for Split Rock Investments, LLC.

[2] 15 Pa. C.S. §§5101-6146.

## Background

The Association is a Pennsylvania nonprofit corporation with its business address at One Lake Drive in Lake Harmony. Appellant is a member of the Association. On May 13, 2022, Appellant filed a "Motion to Enforce Inspection Rights of Non-Profit Corporation Records." Reproduced Record at 4a (R.R. ___). The motion stated that the Association permitted access to almost all the documents requested by Appellant, save the following:

> (a) W-2 forms for all employees [of the Association;]
>
> (b) Documentation for employee salaries other than reporting same in the aggregate[;]
>
> (c) Email addresses and Phone numbers of its owners[;]
>
> (d) A list of members in good standing.

Motion, ¶6; R.R. 5a. Appellant asserted that it sought this information in order to "unveil" the Association's mismanagement. Motion, ¶10; R.R. 5a.

> In its answer, the Association explained its decision as follows:
>
> (a) W[-]2 forms contain private information such as social security numbers and address information.
>
> (b) Such information would constitute personnel records outside the scope of those items identified in 15 Pa. C.S. §5508.
>
> (c) Such information is not mandated in the member list specifications in Section 5508(a) and revealing said information would constitute a breach of the members' right to privacy. 15 Pa. C.S. [§]5508.
>
> (d) [The Association] can provide a list of all owners, their names, addresses, and unit intervals. To provide a list of members in good standing only would place [the Association] in jeopardy of violating the Fair Debt Collection Practices Act, 15

U.S.C. [§]1692d(3), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 [P.S.] [§]2270.4(b)(4)(iii).[3]

Answer, ¶7; R.R. 17a.

On October 12, 2022, after oral argument on the motion, the trial court ordered the Association to release the W-2 forms of all employees, with redactions. Specifically, the order directed redaction of "all information thereon except: Name, Address, Title and Gross/Net Incomes." Trial Court Order, 10/12/2022, at 1-2; R.R. 46a-47a. The trial court denied Appellant's request for member email addresses and phone numbers and for a list of all members in good standing.

Appellant appealed to the Superior Court, which transferred the case to this Court. In its PA.R.A.P. 1925(a) opinion, the trial court construed Section 5508(a) of the Nonprofit Corporation Law to mean that "*whatever* the information the membership register contains, [the Association] would need to turn it over." 1925(a) Op., 1/3/2023, at 4-5; R.R. 65a-66a (emphasis in original). The trial court then mused that "[p]resumably, [the Association's membership register] does not contain emails and phone numbers of members, otherwise [Appellant] would not be seeking to obtain that information with the blessing and at the direction of the Court." 1925(a) Op. at 5; R.R. 66a. The trial court then noted that Appellant did not establish how member email addresses and phone numbers "would meet the proper purpose for seeking of the records: to unveil any mismanagement of [the Association's] operations." *Id*. at 5.

The trial court next concluded that a list of members in good standing is not information subject to inspection under former Section 5508(b) of the

---

[3] Act of March 28, 2000, P.L. 23, 2 No. 7.

Nonprofit Corporation Law, 15 Pa. C.S. §5508(b).[4]  Rather, this information is "a separate list beyond what is contemplated in [Section] 5508(a) to be maintained[.]" 1925(a) Op. at 5; R.R. 66a.  In any case, because a list of members in good standing could be gleaned from other corporate records, the trial court concluded that a court order was unnecessary.

## Appeal

In its appeal,[5] Appellant raises two issues.  First, it argues that the trial court erred in ruling that member email addresses and phone numbers are not part of the membership register and, as such, not subject to inspection under former Section 5508(b) of the Nonprofit Corporation Law.  Second, it argues that the trial court erred in ruling that a list of members in good standing is not subject to inspection under former Section 5508(b) of the Nonprofit Corporation Law.

## Applicable Law

We start our analysis with a review of the statute.  At the time the trial court entered its order, former Section 5508(a)-(c) of the Nonprofit Corporation Law stated, in pertinent part, as follows:

> **(a) Required records.--**Every nonprofit corporation shall keep minutes of the proceedings of the members, the directors and any other body, *and a membership register, giving the names and addresses of all members and the class and other details of the membership of each*. The corporation shall also keep appropriate, complete and accurate books or records of account. The records

---

[4] Section 5508 of the Nonprofit Corporation Law was amended, effective January 3, 2023.  *See* Act of November 3, 2022, P.L. 1791, No. 122, §78.  At the time the trial court issued its order, the prior version of Section 5508 was applicable.  *See* Act of June 22, 2001, P.L. 418, No. 34.

[5] Our review in nonprofit law appeals is limited to determining "whether the trial court committed an error of law or abused its discretion or whether its findings of fact are not supported by the evidence."  *Northern Chester County Sportsmen's Club v. Muller*, 174 A.3d 701, 707 n.2 (Pa. Cmwlth. 2017).

4

provided for in this subsection shall be kept at any of the following locations:

> (1) the registered office of the corporation in this Commonwealth;

> (2) the principal place of business wherever situated; or

> (3) any actual business office of the corporation.

**(b) Right of inspection by a member.--***Every member shall, upon written verified demand stating the purpose thereof, have a right to examine*, in person or by agent or attorney, during the usual hours for business for any proper purpose, *the membership register*, books and *records of account*, and records of the proceedings of the members, directors and any other body, and to make copies or extracts therefrom. *A proper purpose shall mean a purpose reasonably related to the interest of the person as a member. . . .*

**(c) Proceedings for the enforcement of inspection by a member.--**If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a member or attorney or other agent acting for the member pursuant to subsection (b) or does not reply to the demand within five business days after the demand has been made, the member may apply to the court for an order to compel the inspection. The court shall determine whether or not the person seeking inspection is entitled to the inspection sought. The court may summarily order the corporation to permit the member to inspect the membership register and the other books and records of the corporation and to make copies or extracts therefrom; *or the court may order the corporation to furnish to the member a list of its members as of a specific date on condition that the member first pay to the corporation the reasonable cost of obtaining and furnishing the list* and on such other conditions as the court deems appropriate. Where the member seeks to inspect the books and records of the corporation, other than its membership register or list of members, he shall first establish:

> (1) that he has complied with the provisions of this section respecting the form and manner of making demand for inspection of such document; and

5

(2) that the inspection he seeks is for a proper purpose.

> *Where the member seeks to inspect the membership register or list of members of the corporation and he has complied with the provisions of this section respecting the form and manner of making demand for inspection of the documents, the burden of proof shall be upon the corporation to establish that the inspection he seeks is for an improper purpose. The court may, in its discretion, prescribe any limitations or conditions with reference to the inspection, or award such other or further relief as the court deems just and proper.* The court may order books, documents and records, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought into this Commonwealth and kept in this Commonwealth upon such terms and conditions as the order may prescribe.

*Former* 15 Pa. C.S. §5508(a)-(c) (emphasis added).[6]

In sum, nonprofit corporations must establish a membership register, and members are those with a right to vote on corporate matters. *Former* 15 Pa. C.S. §5103. Members of a nonprofit corporation have a right to inspect corporate records, including the membership register and accounts, "upon written verified demand stating the purpose thereof[.]" *Former* 15 Pa. C.S. §5508(b). Courts may order the disclosure of a list of members as of a specific date. *Former* 15 Pa. C.S. §5508(c).

The Association did not question Appellant's stated reason for its requested inspection, *i.e.*, to investigate the Association's potential mismanagement. Accordingly, the only questions on appeal are whether email addresses and phone numbers constitute the "membership register" that is subject to inspection under former Section 5508(b) of the Nonprofit Corporation Law, 15 Pa. C.S. §5508(b),

---

[6] The Nonprofit Corporation Law now defines "membership register" as "[r]ecords administered by or on behalf of a corporation in which the names of all of its members, the address of each member and the class and other details of the membership of each member are recorded." 15 Pa. C.S. §5103. Now, the language in former Section 5508(a) that listed the content of a membership register has been moved into a separate definition. For purposes of this appeal, the amendment had no substantive effect.

and whether a member's good standing is subject to inspection under former Section 5508(b) of the Nonprofit Corporation Law.

## I.

Appellant argues that the Nonprofit Corporation Law cannot be construed to require disclosure of member addresses used by the United States Postal Service but to forbid disclosure of member email addresses. Appellant contends that email addresses and phone numbers are part of the membership register under former Section 5508(a) of the Nonprofit Corporation Law. In any case, the disclosure of a mailing address is "more intrusive" than disclosure of an email address. Appellant Brief at 10. Only the mailing address facilitates personal onsite visits to the member.

In response, the Association argues that the statute does not expressly provide for the disclosure of phone numbers and email addresses of members. Further, access to Association records is "limited by considerations of privacy, privilege and confidentiality." Association Brief at 18 (citing *Lewis v. Pennsylvania Bar Association*, 701 A.2d 551, 554 (Pa. 1997) (*Lewis*)). The Association argues that the General Assembly intended a nonprofit corporation to keep confidential the email addresses of its members.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. §1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. §1921(b). "In construing a statute, the courts must attempt to give meaning to every word in a statute as we cannot assume that the legislature intended any words to be mere surplusage." *Holland v. Marcy*, 883 A.2d 449, 455-56 (Pa. 2005).

7

The Nonprofit Corporation Law requires the creation of a membership register, including "names and addresses of all members and the class *and other details of the membership of each*." *Former* 15 Pa. C.S. §5508(a) (emphasis added). The statute directs that the "names and addresses of all members" and their "class" are the minimum information to be collected by a nonprofit corporation. If the nonprofit corporation collects "other details of the membership of each" for its membership register, such as email addresses and phone numbers of members, it must disclose these pieces of information under former Section 5508(b). Stated otherwise, former Section 5508(a) provides a "floor" of a membership register, not a "ceiling."

The trial court correctly construed former Section 5508(a) to mean that "*whatever* the information the membership register contains, [the Association] would need to turn it over." 1925(a) Op. at 4-5; R.R. 65a-66a (emphasis in original). Instead of fashioning an order consistent with that conclusion, the trial court assumed that the Association's membership register did not contain email addresses and phone numbers of members and, thus, was not subject to disclosure. 1925(a) Op. at 5; R.R. 66a. The trial court erred. It should have ordered the disclosure of whatever information is in the membership register.

The Association contends that regardless of what information is in the membership register, the disclosure of member phone numbers and email addresses would "ignore the mandates of *Lewis*, namely, to protect the privacy of [the Association's] members." Association Brief at 19. The Association asserts that "privacy implications to [the Association's] members greatly outweigh any financial or administrative benefits provided to [Appellant]." *Id*. Appellant responds that *Lewis* is inapposite.

8

In *Lewis*, 701 A.2d 551, two members of the Pennsylvania Bar Association (PBA) filed a motion to compel inspection of the evaluations of statewide judicial candidates done by the Judicial Evaluation Commission (JEC), an independent commission created and funded by the PBA. The motion sought documents "relating to the decision-making processes underlying the evaluation and rating of judicial candidates by the JEC and the comments and votes of each member of the JEC." *Id*. at 552 n.1. The trial court granted the motion to compel.

Our Supreme Court reversed. While it acknowledged that the minutes of the JEC were "records of proceedings" for purposes of Section 5508(b) of the Nonprofit Corporation Law, the Court held that access to such information "is limited by considerations such as privacy, privilege, or confidentiality where both the corporation's and the public's interests are served by keeping the records confidential." *Lewis*, 701 A.2d at 555. The Supreme Court explained:

> The record reflects the JEC has an interest in keeping its records confidential because it had promised confidentiality to those interviewed before they were interviewed. The public has a compelling interest in having an informed electorate which is promoted by the free flow of information about judicial candidates. That flow would slow to a halt were documents respecting interviews or JEC deliberations made available to members. Even the lower court recognized this when it said:
>
>> . . . [there is] legitimate concern that the integrity of the JEC's rating process would be destroyed if members of the JEC and its investigating team knew that their comments and reports would be disclosed to the public.[]

*Id*. at 554-55 (footnote omitted).

We agree that *Lewis* is inapposite. *Lewis* concerned "records of proceedings" of a nonprofit corporation that did not involve a list of members of the corporation but, rather, information belonging to third parties, *i.e.*, judicial

9

candidates and the JEC.  In *Lewis*, the requested disclosure would have revealed information about the individual judicial candidates that the JEC had promised to keep confidential, thereby undermining the integrity of the JEC's rating process.  By contrast, here, Appellant requested information in the Association's membership register, which is information integral to corporate governance.

In its answer to the motion, the Association stated that revealing member email addresses and phone numbers "would constitute a breach of the members' right to privacy."  Answer, ¶7(c); R.R. 17a.  The trial court did not address this issue.  Thus, we remand to allow the Association to make its case on privacy, and whether the trial court should "prescribe any limitations or conditions with reference to the inspection" of the membership register.  *Former* 15 Pa. C.S. §5508(a).

## II.

Appellant argues, next, that the trial court erred in ruling that a list of members in good standing is not subject to inspection under former Section 5508(b) of the Nonprofit Corporation Law.  The statute expressly authorizes the court to order disclosure of a "list of [] members as of a specific date."  *Former* 15 Pa. C.S. §5508(c).  Appellant contends that information regarding whether members are in good standing, *i.e.*, current with their accounts, constitutes "details of the membership" subject to inspection as a part of the membership register.  *Former* 15 Pa. C.S. §5508(a).

In response, the Association argues, as it did before the trial court, that its release of the list of members in good standing would expose the Association to liability under the Fair Debt Collection Practices Act and the Fair Credit Extension Uniformity Act.  These statutes prohibit the "publication of a list of consumers who

10

allegedly refuse to pay debts." 15 U.S.C. §1692d(3); 73 P.S. §2270.4(b)(4)(iii). Because the list of members in good standing would reveal those members with delinquent accounts, disclosure may place the Association in jeopardy under the statutes.

The court may order a "list of [] members as of a specific date" to be provided. *Former* 15 Pa. C.S. §5508(c). The Merriam-Webster Dictionary defines "membership" as "the state or status of being a member." *See* MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/membership (last visited October 28, 2024). Members in good standing are those able to vote because they are current on their fees. The trial court erred in holding that a list of members in good standing is not subject to inspection under former Section 5508(b) of the Nonprofit Corporation Law.

However, that does not answer the question of whether Appellant's right to access said information is limited by considerations of privacy, privilege and confidentiality or by the Fair Debt Collection Practices Act and the Fair Credit Extension Uniformity Act. This issue should be addressed on remand.

**Conclusion**

We reverse that portion of the trial court's order denying the production of the entirety of the Association's membership register. We remand the matter to the trial court to address the Association's privacy argument and, if appropriate, to fashion conditions on the disclosure of private information.

We reverse that portion of the trial court's denying the production of the list of members in good standing. We remand the matter to the trial court to consider whether Appellant's access to the list of members in good standing is

11

limited by the Fair Debt Collection Practices Act and the Fair Credit Extension Uniformity Act.

For these reasons, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

_____

MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

SWRP, LLC,
                    Appellant          :
                                       :
                                       :
          v.                           :          No. 175 C.D. 2023
                                       :
Westwood Condominium                   :
Association, Inc.                      :

# **O R D E R**

AND NOW, this 29th of October, 2024, the order of the Court of Common Pleas of Carbon County, dated October 12, 2022, in the above-captioned matter, is REVERSED. The matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita